# Third District Court of Appeal

## State of Florida

Opinion filed March 23, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-286
Lower Tribunal Nos. 19-7905 SP & 20-251AP
_____

**Progressive American Insurance Company,**
Appellant,

vs.

**Columna Inc./Thomas Roush, M.D., a/a/o Andrea Mejia,**
Appellee.

An Appeal from the County Court for Miami-Dade County, Michaelle Gonzalez-Paulson, Judge.

deBeaubien, Simmons, Knight, Mantzaris & Neal, LLP, and Kenneth P. Hazouri (Orlando), for appellant.

Landau & Associates, P.A., and Todd A. Landau and Matthew Emanuel (Sunrise), for appellee.

Before LOGUE, SCALES and GORDO, JJ.

PER CURIAM.

Appellant Progressive American Insurance Company ("Progressive"), the defendant below, challenges a final summary judgment entered in favor of appellee, plaintiff below, Columna Inc./Thomas Roush, M.D, a health care provider that was assigned the personal injury protection ("PIP") benefits of Progressive's Insured, Andrea Mejia. The parties' competing summary judgment motions were heard by the trial court on July 27, 2020, and, in reliance upon Geico v. Accident & Injury Clinic Inc., 290 So. 3d 980 (Fla. 5th DCA 2019), the trial court determined that Progressive was required to pay 80% of the amount adopted in the statutory fee schedule,[1] rather than 80% of the amount billed by appellee.

Neither the trial court, nor the parties, though, had the benefit of the Florida Supreme Court's recent opinion in MRI Associates of Tampa, Inc. v. State Farm Mutual Automobile Insurance Co., 46 Fla. L. Weekly S379, 2021 WL 5832298 (Fla. Dec. 9, 2021) ("MRI"). Although we employ a *de novo* standard of review when reviewing a trial court's adjudication of a summary judgment motion pertaining to an interpretation of the PIP statute,[2] we prefer here to allow the trial court, in the first instance, to adjudicate the parties'

---

[1] See § 627.736(5)(a)1., Fla. Stat. (2018).

[2] Rivera v. State Farm Mut. Auto. Ins. Co., 317 So. 3d 197, 202 (Fla. 3d DCA 2021).

competing motions in light of <u>MRI</u>,[3] and we express no opinion on the merits of those motions. We, therefore, reverse the challenged judgment and remand for the trial court to consider the parties' competing motions in light of <u>MRI</u>.

Reversed and remanded with instructions.

---

[3] <u>See e.g.</u> <u>Alvarez v. Food Lion, Inc.</u>, 805 So. 2d 1032, 1033 (Fla. 2d DCA 2001); <u>HJC Corp. v. Gallardo</u>, 3D20-1837, 2022 WL 790278 (Fla. 3d DCA Mar. 16, 2022).